UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01530-JWH-SHK | Date: | September 25, 2020 |
| Title: | *Michael Campbell v. Warden Rick Hill* | | |

Present: The Honorable Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not be Dismissed For Failure To Exhaust Ground Four

## I. INTRODUCTION

On February 10, 2020, Petitioner constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet."), under 28 U.S.C. § 2254 ("§ 2254"), challenging his 2018 conviction for second degree murder and an accompanying enhancement. Electronic Case Filing Number ("ECF No.") 1, Pet. at 2. On February 21, 2020, the Court issued an Order Requiring Response to the Petition. ECF No. 4, Order. On June 16, 2020, Respondent Rick Hill, Warden of Folsom State Prison ("Respondent"), filed a Motion to Dismiss Case ("Motion") with lodged documents. ECF Nos. 12-13.

Respondent's Motion raises a single ground for dismissal: lack of exhaustion of the fourth ground raised in the Petition. ECF No. 12, Motion. Specifically, Respondent claims that Petitioner has not raised the fourth ground, regarding the allegedly improper rebuttal argument made by the prosecutor, with the California Supreme Court, which is required before such a ground can be raised in a § 2254 petition before a federal court or the accompanying

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

ineffective assistance of counsel claim based on trial counsel's failure to object to the improper rebuttal argument.  Id. at 1, 4-7.

Upon review of the, lodged, petition to the California Supreme Court that Respondent filed as well as a review of the various, publicly available databases, the Court is inclined to agree with Respondent's position that Ground Four was not presented to the California Supreme Court.  Therefore, the Court ORDERS Petitioner to SHOW CAUSE why the Petition should not be dismissed due to Petitioner's failure to exhaust his state court remedies as to the fourth ground in the Petition.  The Court directs Petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.     BACKGROUND

Petitioner challenges his conviction under California Penal Code section 187(a) ("§ 187(a)") (second degree murder) and a sentencing enhancement under California Penal Code section 12022(b)(1) ("§ 12022(b)(1)") (use of a deadly weapon in the commission or attempted commission of a felony).  ECF No. 1, Pet. at 2.  According to the Petition, Petitioner was sentenced to fifteen years to life on the § 187(a) conviction with a one-year enhancement under § 12022(b)(1).  Id.

Petitioner filed, what appears to be, a timely, direct appeal in which he raised the same four grounds for relief raised in the Petition.  ECF No. 1, Pet. at 2-6, 340-443.  Following an affirmance by the California court of appeal, and a request for re-hearing, Petitioner sought a petition for review from the California Supreme Court ("Pet. for Review").  ECF No. 13-15, Lodged Doc. 11, Pet. for Review.  In that Pet. for Review, Petitioner raised three grounds, which match the first three grounds raised in the current Petition.  See ECF No. 1, Pet. at 5-6; ECF No. 13-15, Pet. for Review at 2-3.  Petitioner, however, did not raise the fourth ground raised in the current Petition: that the prosecutor committed misconduct as a result of the arguments raised for the first time during the prosecutor's rebuttal argument and trial counsel was ineffective for failing to object to these improper arguments.

Additionally, a search of the California appellate case website, last accessed on September 25, 2020, at https://appellatecases.courtinfo.ca.gov/search, and using Petitioner's name, did not show that a state habeas matter was presented to the California Supreme Court.  Consequently, it does not appear that the fourth ground for relief presented in the Petition has been presented to the California Supreme Court, either through a direct appeal or habeas petition.

## III.     THE PETITION IS UNEXHAUSTED AND SUBJECT TO DISMISSAL

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, habeas petitioners must fairly

present their federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  Habeas petitioners must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court.  Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented only if the petitioner has "indicated to the court that [the federal claims] were based on federal law."  Lyons v. Crawford, 232 F. 3d 666, 668 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001).  A claim is not exhausted where a state prisoner files a habeas petition with a court but later withdraws it from consideration.  Fierro v. Domingo, No. CV 10-9711-GW (E), 2012 WL 692211, at *3 (C.D. Cal. Feb. 28, 2012) (holding habeas claims unexhausted where a petitioner withdrew his California Supreme Court petition before the Court ruled on the merits).

Here, though it appears that Petitioner raised the argument regarding the prosecutor's allegedly improper rebuttal argument and trial counsel's ineffective, failure to object to it with the California Court of Appeal, this argument was not raised in his Petition for Review before the California Supreme Court.  See ECF No. 13-15, Pet. for Review.  The state courts, therefore, did not have a "full and fair opportunity to resolve federal constitutional claims before those claims [were] presented to the federal courts."  O'Sullivan, 526 U.S. at 839.  Accordingly, at this time, Petitioner's Petition appears to be mixed, meaning that one or more of the asserted claims is unexhausted, and subject to dismissal, without prejudice.

### IV.     ORDER

Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than October  26, 2020.**  Petitioner **must** respond to this Order pursuant to one of the options listed below.

**Option 1: Petitioner May Explain That The Fourth Ground In The Petition Is Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on the fourth ground raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the fourth ground has been raised with and ruled on by the California Supreme Court.

**Option 2: Petitioner May Voluntarily Dismiss The Fourth Ground In The Petition Without Prejudice:**  Petitioner may request a voluntary dismissal of the fourth ground raised in the Petition.  The Court advises Petitioner that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing the fourth ground, or other grounds that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3: Petitioner May Request A *Rhines* Stay:** Under Rhines v. Weber, 544 U.S. 269 (2005), the District Court has discretion to stay a petition to allow Petitioner time to present his unexhausted claims to state courts, including the California Supreme Court. Id. at 276; Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Option 4: Petitioner May Request A *Kelly* Stay:** Under Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. Id. at 1070-71. This is called a "Kelly stay." Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (citation omitted).

>Petitioner may file a motion for a Kelly stay and follow the three-step procedure above.

First, Petitioner must file a proposed notice voluntarily dismissing the fourth ground in the Petition.  See id. at 1135.  The Court will then stay and hold in abeyance the amended fully exhausted Petition containing only the exhausted first through third grounds and allow Petitioner the opportunity to exhaust the deleted fourth ground in state court.  See id.

**Caution:** Petitioner is cautioned that if he requests a stay, under Option 3, and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds, under Option 1, and the Court disagrees, the Court will dismiss the Petition as mixed and for failure to exhaust state remedies.  **Accordingly, Petitioner may select options in the alternative, which means that he can ask for Option 1, but if that is not met, he may also request Option 2 or Option 3.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute.  Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**